IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| JOHN WILEY BRYANT and JANET ELIZABETH BRYANT, | § § § § | |
| Appellants, | § § | |
| v. | § § | Civil Action No. 3:19-CV-1227-K |
| BOSCO CREDIT TRUST II TRUST SERIES 2010-1, | § § § § | |
| Appellee. | § | |

## MEMORANDUM OPINION AND ORDER

Appellants John Wiley Bryant and Janet Elizabeth Bryant appeal from two orders of the United States Bankruptcy Court for the Northern District of Texas, Dallas Division in Appellants' Chapter 11 bankruptcy proceeding. The Court has carefully reviewed the parties' briefing, the applicable law, and the appellate record. For the following reasons, the Court **AFFIRMS** the Bankruptcy Court's orders overruling Appellants' Claim Objection to Appellee's Proof of Claim.

I.  Factual and Procedural Background

On August 20, 1999, Appellants John Wiley Bryant and Janet Elizabeth Bryant (collectively, "Appellants") signed an original promissory note ("Original Note") for $99,590.02 in favor of Certified Funding Corporation ("CFC") on their homestead

property. That same date, Appellants executed a Deed of Trust in favor of CFC. On November 8, 2008, Appellants executed a loan modification agreement ("Loan Modification") with Franklin Credit Management Corporation ("Franklin").

At some point, Appellants became delinquent on their payments. After learning of a foreclosure attempt, Appellants filed a Voluntary Petition for bankruptcy protection under Chapter 11 on February 6, 2017. A Proof of Claim ("Proof of Claim") was filed by Franklin, as servicer, on behalf of Appellee Bosco Credit II Trust Series 2010-1 ("Bosco"), as creditor, for a total amount of $157,518.33 based on the Original Note. Appellants filed a Claim Objection ultimately asserting four grounds:

> (1) no documentation was submitted with the Proof of Claim to prove Bosco was the current owner of the debt;
> (2) no sufficient documentation was submitted by Franklin either to Appellants or with the Proof of Claim to establish it had authority to act for Bosco;
> (3) the Proof of Claim did not reflect all payments made by or credits due to Appellants; and
> (4) if Bosco's Proof of Claim was determined to be secured, any amounts for post-petition interest and attorneys' fees should be disallowed.

The Bankruptcy Court for the Northern District of Texas ("Bankruptcy Court") held a hearing on March 21, 2019 on Appellants' Claim Objection. Both sides presented argument, evidence, and witnesses. On April 16, 2019, the Bankruptcy Court issued its Memorandum Opinion and Order in which it found:

> (1) Bosco's Proof of Claim was entitled to prima facie validity, the presumption of which Appellants failed to rebut, therefore the Proof of Claim was allowed;
> (2) alternatively, even if the Proof of Claim was not entitled to *prima facie* validity, Bosco was entitled to enforce the Original Note as a nonholder in possession, which Appellants did not rebut;
> (3) the Deed of Trust secured Bosco's claim;
> (4) Franklin had authority as Bosco's servicer to file the Proof of Claim for Bosco; and
> (5) Appellants' objection to post-petition interest and attorneys' fees was not ripe.

Appellate Record, Vol. 1, 6-14 (Doc. No. 2-1). For those reasons, the Bankruptcy Court overruled Appellants' objection entirely and found Bosco's Proof of Claim was allowed as filed. On April 25, 2019, the Bankruptcy Court entered its Order Overruling [Appellants'] Amended Objection to Claim of Bosco Credit II Trust Series 2010-1 C/O Franklin Credit Management Corporation. *Id.*, 15-16.

Appellants filed their Notice of Appeal with this Court appealing both Bankruptcy Court orders that overruled their Claim Objection. The parties filed their respective appellate briefs which are currently before the Court.

## II.  Applicable Legal Standards

In an appeal from a bankruptcy court, the district court applies the same standard of review used by federal appellate courts. This Court reviews the bankruptcy court's factual findings for clear error, with proper deference to the bankruptcy court's opportunity to make credibility determinations. *See In re Dennis*, 330 F.3d 696, 701

(5th Cir. 2003).  "A finding of fact is clearly erroneous only if 'on the entire evidence, the court is left with the definite and firm conviction that a mistake has been committed.'"  *Id.* (quoting *In re Perez*, 954 F.2d 1026, 1027 (5th Cir. 1992)).  The Court reviews the bankruptcy court's conclusions of law *de novo*.  *In re Dennis*, 330 F.3d at 701.  The bankruptcy court's evidentiary rulings are reviewed under an abuse of discretion standard.  *In re Repine*, 536 F.3d 512, 518 (5th Cir. 2008).

A proof of claim that complies with Federal Rule of Bankruptcy Procedure 3001 "shall constitute prima facie evidence of the validity and amount of the claim."  FED. R. BANKR. P. 3001(f); *accord In re O'Connor*, 153 F.3d 258, 260 (5th Cir. 1998).  A party objecting to the claim must present "evidence of equal or greater probative force to that of the proof of claim to refute some aspect of the proof of claim."  *In re Gulley*, 436 B.R. 878, 893 (Bankr. N.D. Tex. 2010); *see In re O'Connor*, 153 F.3d at 260.  If the objecting party succeeds in satisfying its burden, the burden then shifts to the claimant whichever party would have the burden of proof respecting the claim outside the bankruptcy will bear that burden in bankruptcy.  *In re Armstrong*, 320 B.R. 97, 102-03 (Bankr. N.D. Tex. 2005); *accord In re O'Connor*, 153 F.3d at 260; *In re Gulley*, 436 B.R. at 893.

## III. Issues on Appeal

Appellants raise five issues on appeal. First, Appellants argue the Bankruptcy Court erred by applying the wrong legal standard in determining that Franklin had standing to submit the Proof of Claim for Bosco. Second, Appellants contend the Bankruptcy Court erred in overruling Appellants' Claim Objection and allowing the Proof of Claim because the evidence of the debt attached thereto was not the debt alleged to be owed to Bosco. Next, Appellants argue the Bankruptcy Court erred in finding Bosco's Proof of Claim was secured because there was no evidence that Bosco was the owner of the Note. In their fourth argument, Appellants contend the Bankruptcy Court erred in allowing Bosco's post-petition interest and attorneys' fees because no such evidence was presented. Finally, Appellants assert the Bankruptcy Court abused its discretion in allowing a custodian of records for Franklin to testify when no such witness had been identified by Bosco and the witness was not a custodian of records for Bosco.

### A.   Franklin's Standing to File Proof of Claim for Bosco

Appellants contend the Bankruptcy Court erred in applying the wrong legal standard in determining Franklin, as servicer, had standing to file the claim for Bosco, the creditor. Appellants argue that that Bosco did not prove it was entitled to enforce the Original Note and also that Bosco failed to prove Franklin was its servicer so to

establish Franklin had standing to file Bosco's Proof of Claim. Bosco contends that it was entitled to enforce the Original Note and that it did provide evidence of its servicing relationship with Franklin, thereby establishing Franklin had standing to file Bosco's Proof of Claim.

In their brief, Appellants state that the Bankruptcy Court relied upon the following in finding Franklin had standing to file Bosco's Proof of Claim: (1) "Ms. Holt's status as a lawyer for Franklin"; (2) "Ms. D'Elia's testimony that Bosco authorized Franklin to service [Appellants'] loan and 'to file the Claim on Bosco's behalf'"; and (3) "*Gulley v. Countrywide Home Loans, Inc.*, 436 B.R. 878, 892 (Bankr. N.D. Tex. 2010) for the proposition that a note servicer is not required to show its agency status in order to file a proof of claim." Citing a Ninth Circuit opinion, Appellants contend that "[a] purported servicer of a note must show that it is an authorized agent of an entity that has the right to enforce the note." Applying this standard, Appellants submit a two-pronged attack on the Bankruptcy Court's finding that Franklin had standing. First, Appellants claim there is a complete of lack of evidence of Bosco's right to enforce the Original Note or even the Loan Modification. Next, Appellants contend that Bosco did not prove Franklin was its authorized agent.

The Court turns first to the argument that there was no evidence Bosco had the right to enforce the Original Note (or Loan Modification). The Bankruptcy Court

found Bosco's Proof of Claim was entitled to *prima facie* validity and that Appellants did not meet their burden of rebutting this presumption. Although Appellants claim to have "successfully rebutted any prima facie evidence of the Claim," they fail to identify the rebuttal evidence they presented which satisfied their burden of presenting evidence "at least equal in probative force to that offered by the proof of claim and which, if believed, would refute at least one of the allegations that is essential to the claim's legal sufficiency." *In re Leverett*, 378 B.R. 793, 799 (Bankr. E.D. Tex. 2007). Appellants did not sufficiently rebut the presumption of *prima facie* validity, so the burden did not shift back to Bosco to prove its claim. Therefore, Bosco has a right to payment under the Proof of Claim as filed on the Original Note.

Even so, the Bankruptcy Court also found, in the alternative, that Bosco met its burden to establish its right to enforce the Original Note as a nonholder in possession. Texas law clearly provides that a party may prove it is entitled to enforce an instrument even if it is not "a nonholder in possession of the instrument who has the rights of a holder." TEX. BUS. & COM. CODE § 3.301; *see Manley v. Wachovia Small Bus. Capital*, 349 S.W.3d 233, 240 (Tex. App.—Dallas 2011). This includes a party "that acquired rights of a holder . . . under Section 3.203(a)." TEX. BUS. & COM. CODE § 3.301 cmt. Section 3.203 specifically provides that a transfer occurs "when it is delivered by a person other than its issuer for the purpose of giving to the person receiving delivery

ORDER – PAGE 7

the right to enforce the instrument." TEX. BUS. & COM. CODE § 3.203(a). "Texas courts consistently hold that 'the transfer of a note may be proved by testimony rather than by documentation.'" *Skelton v. Urban Trust Bank*, 516 B.R. 396, 405 (N.D. Tex. 2014)(Boyle, J.).

Appellants acknowledged in the Loan Modification that: (1) Franklin was the owner of the Original Note, defined therein as "Lender"; (2) Franklin may transfer the Original Note as amended by the Loan Modification; (3) anyone who acquires the Original Note by transfer will then be the "Lender" in the Loan Modification; and (4) the "Lender" may exercise all available remedies in the case of a default. The record shows that Franklin had possession of the Original Note when the Loan Modification was executed. The record also establishes the Original Note was subsequently transferred to Bosco. Appellants offered no sufficient evidence to refute this. Based on the appellate record before the Court, Bosco sufficiently established its right to enforce the Original Note as a non-holder in possession with the rights of a holder through transfer. *See* TEX. BUS. & COM. CODE § 3.301; *Skelton,* 516 B.R. at 405 ("Texas law permits Urban Trust to establish entitlement through sequential § 3.203 transfers, regardless of whether those transfers have been properly indorsed.").

Turning to their next argument on the standing issue, Appellants contend Bosco did not prove the servicer relationship it had with Franklin. More specifically,

ORDER – PAGE 8

Appellants assert that "Franklin, as the alleged agent of Bosco, cannot be the entity through which its alleged servicer relationship with Bosco is established." Appellants criticize Bosco's failure to present (1) the actual servicing agreement between Bosco and Franklin and/or (2) testimony from a Bosco representative. Despite Appellants' argument to the contrary, the record shows that Bosco established its servicer relationship with Franklin. The Court could find no caselaw, nor did Appellants cite any, requiring the production of the servicing agreement itself or testimony from the creditor's representative to establish the servicer relationship. Bosco, the creditor entitled to enforce the Original Note, presented testimony from its own witnesses to establish the servicer relationship. Ms. Jessica Holt, outside counsel for Bosco as well as Franklin, and Ms. Gina D'Elia, a Franklin employee testifying as custodian of records, both testified that Bosco authorized Franklin to service the loan and file the Proof of Claim. Appellants did not present any evidence or testimony rebutting the evidence that Franklin was authorized by Bosco to service the loan and also to file the Proof of Claim on Bosco's behalf. The record establishes Franklin did have authority to file the Proof of Claim on behalf of Bosco. The Bankruptcy Court did not err in making its finding.

Finally, Appellants assert the Bankruptcy Court erred in "relying on" *Gulley v. Countrywide Home Loans, Inc.*, 436 B.R. 878, 892 (Bankr. N.D. Tex. 2010) "for the

proposition that a note servicer is not required to show its agency status in order to file a proof of claim." The Bankruptcy Court clearly stated in its April 16 Order that the court relied on the testimony of Ms. Holt and Ms. D'Elia in making its finding that Franklin had standing to file the Proof of Claim. Specifically, the Bankruptcy Court cited Ms. D'Elia's testimony that Bosco authorized Franklin to service Appellants' loan and also to file the Proof of Claim for Bosco. The Bankruptcy Court did not conclude or find that Bosco failed to establish the servicer relationship and also that it was not required to do so under *Gulley*, as Appellants appear to contend. The Bankruptcy Court clearly relied on the testimony presented by Bosco, as well as the lack of evidence produced by Appellants refuting this, to find Franklin had standing. Again, Appellants do not cite a single case for their argument that it was error for the Bankruptcy Court to rely on the testimony of Bosco's own witnesses to establish the servicing relationship. The finding was not based on "the proposition that a note servicer is not required to show its agency status in order to file a proof of claim." For this reason, Appellants' argument is inapposite. Even if the Court were to assume the Bankruptcy Court relied on *Gulley*, Appellants do not establish that this is the wrong standard and the Bankruptcy Court erred in citing it. Appellants' attempt to distinguish *Gulley*, as well as their citation to two cases from the Southern District of New York, fail to convince this Court that the Bankruptcy Court applied the wrong standard. Again, Appellants

failed to present any evidence refuting Bosco's evidence that Bosco had a servicing agreement with Franklin to service the loan.

The Bankruptcy Court did not err in determining that Franklin had standing to file Proof of Claim for Bosco and did not apply the wrong standard in making its determination.

### B. No Evidence of Proper Debt Attached to Proof of Claim

In their second issue on appeal, Appellants contend that the Loan Modification was, in actuality, the factual basis for its Proof of Claim, but only the Original Note was attached to the Proof of Claim, and Bosco failed to prove it was entitled to enforce either the Original Note or the Loan Modification. For this reason, Appellants claim the Bankruptcy Court erred in allowing the Proof of Claim instead of denying it. Bosco responds that the Original Note is the factual basis for the Claim of Proof, not the Loan Modification because that is dependent on and an extension of the Original Note. Regardless, Bosco argues it is entitled to enforce either the Original Note or the Loan Modification as is permitted under Texas law.

Appellants' argument is based on the premise that the Original Note and Loan Modification are separate loans and each stand alone. The record unequivocally contradicts this. The Loan Modification specifically states,

> This Loan Modification Agreement ("Agreement"), made November 10, 2008 between John W. Bryant & Janet Bryant ("Borrowers")

> and Franklin Credit Management Corporation ("Lender") *amends and supplements* one certain promissory note ("Note") dated August 20, 1999. . . .

Appellate Record, Vol. 3, 445 (Doc. No. 2-3) (emphasis added). The Loan Modification goes on to specify that Appellants wished "to extend and carry forward" the Original Note, and Franklin, as the Lender, agreed. *Id.* Appellants acknowledged the unpaid balance due under the Original Note and agreed to the repayment terms set out in the Loan Modification. *Id.*, ¶ 1. Finally, and of significant importance, the Loan Modification explicitly provides:

> [T]he provisions of the Note and Security Instrument shall continue in full force and effect, and the Borrowers acknowledge and reaffirm Borrowers' liability to Lender thereunder. . . . Nothing in this Agreement shall be understood or construed to be a satisfaction or release in whole or in part of the Note and Security Instrument. Except as otherwise specifically provided in this Agreement, the Note and Security Instrument will remain unchanged, and the Borrowers and the Lender will be bound by, and comply with, all of the terms and provisions thereof, as amended by this Agreement. Any default by Borrowers in the performance of its obligations herein contained shall constitute a default under the Note and Security Instrument, and shall allow Lender to exercise all of its remedies set forth in said Security Instrument.

*Id.* 447-48 ¶ 11. Despite Appellants' suggestion to the contrary, there can be no doubt that the Loan Modification is an extension of the Original Note and also reaffirms Appellants' obligations. Based on the clear language contained therein, the Loan Modification simply does not stand separate from the Original Note. The Loan

ORDER – PAGE 12

Modification did not nullify or extinguish Appellants' obligations under the Original Note; in fact, Appellants specifically confirmed their debt and obligation in the Original Note in the Loan Modification. Most fatal to Appellants' argument is the unambiguous language of Paragraph 11 stating that any default under the Loan Modification "shall constitute a default under the [Original] Note." *Id.* The Court in not convinced by Appellants' argument that the Loan Modification was required to be submitted as the basis for Bosco's Proof of Claim because it was "the true basis for the claim."

As for Appellants' continued assertion that Bosco did not prove it was entitled to enforce the Original Note, the Court has already disposed of this argument and determined that the Bankruptcy Court did not err in finding Bosco was entitled to enforce the Original Note.

The Bankruptcy Court did not err in allowing the Proof of Claim with the Original Loan as its factual basis.

### C.   No Evidence Bosco Held a Secured Claim

Appellants assert the Bankruptcy Court erred in allowing Bosco to proceed with a secured claim because there was no evidence that the debt still existed or, if there was an existing debt, that Bosco did not have the right to enforce it. Bosco responds that it is the Original Note that is the basis for the Proof of Claim and that it is entitled to enforce the Original Note despite Appellants' argument to the contrary.

ORDER – PAGE 13

The Court notes that it will not address Bosco's argument that the Bankruptcy Court erred in refusing to admit the allonges and indorsements of the Original Note into evidence. The Court agrees with Appellants—this issue was not properly raised as an appellate issue in it statement of issues on appeal, therefore Bosco has waived it. *See* FED. R. BANKR. P. 8009; *In re GGM, PC*, 165 F.3d 1026, 1031 (5th Cir. 1999) (appellant's failure to include issue in statement of issues to be presented on appeal resulted in waiver of issue); *In re Tex. Mortg. Servs. Corp.*, 761 F.2d 1068, 1074 (5th Cir. 1985) (appellant waived issue it did not identify in her amended statement of issues on appeal which provides notice to the appellee of the arguments appellant intends to assert on appeal).

Appellants base the bulk of their appellate argument on their contention that the Bankruptcy Court erred in finding Bosco had the right to enforce the Original Note. Again, the Court has determined the Bankruptcy Court did not err in finding Bosco had a right to enforce the Original Note. This appellate argument is, therefore, without merit. Although not entirely clear to the Court, to the extent Appellants also base their argument on the Loan Modification "replacing" the Original Note and Bosco's inability to establish the chain of title, this argument fails as well. As previously discussed, the Loan Modification did not nullify, void, or replace the Original Note. Furthermore, the Bankruptcy Court did not conclude Bosco had properly established the chain of

ORDER – PAGE 14

title.  To the contrary, the Bankruptcy Court found Bosco did not prove it was the holder of the Original Note because Bosco "did not overcome a gap in the chain" because the allonges were excluded.  But the Bankruptcy Court did find Bosco was entitled to enforce the Original Note as a nonholder in possession, which this Court has already concluded was not error based on its review of the record.  *See Skelton*, 516 B.R. at 405  This argument by Appellants fails.

The Bankruptcy Court did not err in determining Bosco had a secured claim.

### D. No Evidence of Attorneys' Fees Presented

In their fourth point on appeal, Appellants argue the Bankruptcy Court erred in allowing Bosco's attorneys' fees and post-petition interest because no evidence was presented.  Appellants contend their objection to the award of attorneys' fees and costs should have been ruled on by the Bankruptcy Court.  The Bankruptcy Court did not rule on Appellants' objection.  Instead, the Bankruptcy Court determined the objection was "premature" and not ripe for any ruling at that time because Bosco had not filed a motion for allowance of post-petition attorneys' fees and/or interest.  Appellants contend that "[t]he [Bankruptcy] Court's determination in effect left the door wide open for Bosco, who did not even attempt to address this objection, to have a second bite at the apple."

Bosco had not yet moved for such relief and the Bankruptcy Court did not rule on this issue; in fact, this matter may be pending before the Bankruptcy Court. Appellants' argument provides absolutely no clarity as to how this Court can properly review the Bankruptcy Court's determination that the issue was not ripe. Because this matter was not ripe (as Bosco had not moved at that time) and there is no ruling from the Bankruptcy Court on Bosco's entitlement to post-petition interest and attorneys' fees, this issue is not ripe for any appellate review by this Court.

### E.  Testimony of Custodian of Records Who Was Not Identified

In their final appellate point, Appellants argue the Bankruptcy Court abused its discretion in allowing Ms. D'Elia to testify as custodian of records when Bosco had not identified any such witness on its Witness List. Appellants claim they were surprised by this witness two days prior to the Hearing, which Appellants characterize as an abuse of the discovery process by Bosco. In response, Bosco argues that Appellants' conceded a custodian of records had information relevant to the contested matter, and Bosco had no duty to identify its witnesses in disclosures.

Because they are appealing an evidentiary ruling by the Bankruptcy Court, Appellants must prove: (1) the Bankruptcy Court abused its discretion in allowing Ms. D'Elia to testify; and (2) Appellants' substantial rights were prejudiced. *In re Pequeno*, 223 F. App'x 307, 308 (5th Cir. 2007). Although Appellants contend generally the

Bankruptcy Court abused its discretion, they wholly fail to (1) explain how the evidentiary ruling was an abuse of discretion or (2) cite any case law supporting their assertion. Appellants state they were surprised by the last-minute identification of Ms. D'Elia as custodian of records witness, but they submit nothing besides general claims that the court abused its discretion. At the hearing, Appellants conceded they had already seen the documents Ms. D'Elia was to authenticate. Appellants also admitted neither side was required to exchange Rule 26 disclosures pursuant to the Bankruptcy Rules, both federal and local. Finally, Appellants stated that Ms. Holt, the only witness identified as having factual knowledge, informed Appellants at her deposition (in January before the March hearing) that she had no knowledge of anything besides the calculations related to the Proof of Claim; yet, as the Bankruptcy Court pointed out, Appellants never asked Bosco to present another witness for deposition nor identified why Ms. Holt was not satisfactory. Appellants' argument fails to prove the first prong that the Bankruptcy Court abused its discretion. *See In re Pequeno*, 223 F. App'x at 308. To the extent Appellants' argument centers on Bosco not producing a representative or custodian from Bosco itself, this argument fails. Appellants do not carry their burden of establishing how that alone equates to an abuse of discretion by the Bankruptcy Court in allowing Ms. D'Elia to testify.

ORDER – PAGE 17

Even if Appellants had sufficiently argued the Bankruptcy Court abused its discretion, they unquestionably fail on the second prong to prove their substantial rights were prejudiced by the evidentiary ruling. In their appellate brief, Appellants wholly fail to assert, let alone prove, their substantial rights were prejudiced, which is their burden in appealing an evidentiary ruling. *See id.* In their reply brief, Appellants claim for the first time that they were "highly prejudiced" by Ms. D'Elia's testimony because, as her testimony continued, "this witness became much more than a simple custodian of the records." Appellants contend Bosco "attempted to turn [Ms. D'Elia] into a fact witness" and cites the Court to certain of her testimony. The Court will not consider an argument presented for the first time in a reply brief particularly where the appellee has not had a chance to respond. *In re Canada*, 574 B.R. 620, 639 (N.D. Tex. 2017). Without proving their substantial rights were prejudiced, Appellants cannot show that the Bankruptcy Court abused its discretion in allowing Ms. D'Elia to testify.

Even if the Court were to consider the single paragraph substantial prejudice argument in their reply brief, Appellants do not succeed in proving their substantial rights were affected. Appellants contend that "Appellee attempted to turn her into a fact witness" and submit citations to her testimony in support. First, the Court notes that the citations are to testimony during which exhibits were ultimately admitted under the business records exception to hearsay. Ms. D'Elia was permitted to testify

as custodian of records, and Appellants fail to explain, let alone establish, how she allegedly became a fact witness which affected their substantial rights. Finally, as previously noted, at the hearing, Appellants: (1) conceded that they had already seen the documents Ms. D'Elia was to authenticate through her testimony; (2) admitted neither side was required to exchange Rule 26 disclosures; and, (3) after Ms. Holt's deposition, Appellants never asked Bosco to present another witness for deposition nor identified why Ms. Holt was not satisfactory. Appellants simply failed to make the required showing that the Bankruptcy Court abused it discretion in making its evidentiary ruling. *See In re Pequeno*, 223 F. App'x at 308. Accordingly, the Bankruptcy Court did not abuse its discretion in permitting Ms. D'Elia to testify as custodian of records.

## IV. Conclusion

For the foregoing reasons, the Court finds the Bankruptcy Court did not err in determining (1) Franklin had standing to file the Proof of Claim for Bosco, (2) the Original Note was the proper basis of the debt owed to Bosco, and (3) Bosco had a secured claim. The Court also determines the issue regarding post-petition interest and attorneys' fees cannot be reviewed by this Court on appeal. Finally, the Bankruptcy Court did not abuse its discretion in permitting a custodian of records witness to testify. Accordingly, the Court **AFFIRMS** the Bankruptcy Court's Orders of April 16, 2019

and April 25, 2019, overruling Appellants' Objection in its entirety and allowing Bosco's Proof of Claim as filed.

**SO ORDERED.**

Signed September 16th, 2020.

_____
ED KINKEADE
UNITED STATES DISTRICT JUDGE